UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVDEEP NAVDEEP, | No. 1:26-cv-02311-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| TONYA ANDREWS, et al., | A# 243-147-958 |
| Respondents. | |

Petitioner Navdeep Navdeep is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 2 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 4.) Neither party objected to the Court ruling directly on the merits of the petition. Respondents argue that if any relief should be granted, it should be a post-

1

deprivation custody hearing.  (ECF No. 7 at 4.)  Respondents rely on Petitioner's alleged ATD violations.  (*Id.*)  Notably though, the majority of these purported violations are over a year old.  Respondents do identify an alleged violation on March 16, 2026 for failing to appear for an in person office visit, but Petitioner voluntarily appeared the following day for his scheduled check-in appointment.  Thus, Respondents have not established that this was a case where urgent concerns required immediate request with a prompt post-deprivation hearing.  *See* J.S.H.M. v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Navdeep Navdeep from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **March 31, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE